IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOLLY WRICE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 4:10-cr-40065-JPG

MEMORANDUM & ORDER

This matter comes before the Court on Holly Wrice's motion titled "Motion to Alter or Amend Judgment" (Doc. 67). Upon reading the content of the motion, however, Wrice is requesting this Court to extend the time for her to file an appeal under Federal Rules of Appellate Procedure 4(b).

Wrice pled guilty through a plea agreement with the United States on April 7, 2011 (Doc. 42) and was sentenced to 346 months in the Bureau of Prisons on July 7, 2011 (Doc. 58). Judgment was entered on July 13, 2011 (Doc. 64). Throughout these proceedings, Wrice was represented by counsel. On December 1, 2011, Wrice filed the present motion in which she states she was "lead to believe counsel put forward a notice of appeal in sentence and has learned (between July 23rd to August 3rd 2011) that counsel informed [her] through sibling that appeal was not in 'her best' interest." (Doc. 67). Wrice goes on to state her sentence is a violation of law because she "originally accepted a plea for ten years." In her request for relief, however, Wrice "requests this Honorable Court look toward precedent in granting relief through afforded [affording] Petitioner 'A notice of Appeal' to proceed further with appropriate arguments." (Doc. 67). She then cites to the Federal Rules of Appellate Procedure.

1

Federal Rule of Appellate Procedure 4(b) requires a defendant to file a notice of appeal within 14 days after the entry of the judgment. The Rule allows the district court to extend the time to file a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." F.R.A.P. 4(b)(4). The judgment was entered in this case on July 13, 2011 so the notice of appeal needed to be filed by July 27, 2011, or with the district court's permission, no later than August 26, 2011. The Federal Rules of Appellate Procedure do not give this Court discretion to extend the time to file a Notice of Appeal at this late date. *See* F.R.A.P. 4(b)(4).

In her motion, Wrice asserts the Notice of Appeal was not filed in spite of the fact counsel told her he would file one. The Seventh Circuit has held that when an attorney fails to file a notice of appeal when requested to do so, the behavior falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal.  Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, 801 (7th Cir. 1995), *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994). In such a circumstance, the defendant is entitled to a new appeal. *Id.*

Although Wrice claims her attorney did not file her notice of appeal after "lead[ing] her to believe counsel put forward a notice of appeal…," Wrice signed a plea agreement. *See* Doc. 42. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999). The Seventh Circuit has generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court "relied on a constitutionally impermissible factor (such as race)," the "sentence exceeded the

2

statutory maximum," or the defendant claims "ineffective assistance of counsel in connection with the negotiation of [the plea] agreement." *Id.* For the waiver to apply, however, the disputed appeal or collateral attack must fall within its scope. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). The Seventh Circuit has held "[w]e will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). The Plea Agreement states in relevant part:

1. The Defendant understands that by pleading guilty, she is waiving all appellate issues that might have been available if she had exercised her right to trial. The Defendant states that she is fully satisfied with the representation she has received from her counsel…
2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange from the recommendations and concessions made by the United States in her plea agreement, the Defendant knowingly and voluntarily waives her right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence…
3. Defendant's waiver of her right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law…which is declared retroactive…2.) appeals based upon Sentencing Guideline amendments which are made retroactive…

Plea Agreement, Doc. 42, pp. 11-12. The Plea Agreement further states the "effective guideline range would be 337 months to 346 months." Doc. 42, p.6.

The sentence imposed of 346 months, was therefore not "in excess of the Sentencing Guidelines" as would be required to appeal under the Plea Agreement. Doc. 42. The Court believes the terms of the plea agreement are clear and unambiguous. There is no evidence or allegation of ineffective assistance of counsel in the negotiation of the agreement, the Court did not exceed the statutory maximum, and the Court did not (nor it is alleged) rely upon an impermissible factor. *Jones*, 167 F.3d at 1144-45. Wrice states she would be appealing her sentence which is an issue clearly addressed by the Plea Agreement. As such, her potential appeal falls within the scope of the Plea Agreement and is waived. *See Chapa*, 602 F.3d at 868.

The Court finds Wrice's motion to extend the notice of appeal deadline to be waived by the Plea Agreement. The Court therefore **DENIES** Wrice's Motion for Extension of Time (improperly titled "Motion to Alter or Amend Judgment") (Doc. 67).

**IT IS SO ORDERED.**
**DATED:** January 13, 2012

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**