IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> HOLLI WRICE, <br> Defendant. | Case No. 10–CR–40065–JPG |

# ORDER

Before the Court is Defendant Holli Wrice's Motion for Compassionate Release. (ECF No. 126). Wrice also filed a supplemental brief, (ECF No. 139); and the Government responded, (ECF Nos. 140, 142).

Wrice has been serving a 346-month sentence since 2011. (Judgment at 1–2, ECF No. 64). She is incarcerated at Federal Medical Center ("FMC") Carswell in Texas. *Inmate Locator*, Bureau of Prisons (last visited May 12, 2021).[1]

In July 2020, Wrice moved for a sentence modification under 18 U.S.C. § 3582(c)(1)(A), also called *compassionate release*, for two reasons. (Def.'s Mot. at 1). First, she contends that serious medical conditions—severe asthma and hypertension—make her especially vulnerable to the COVID-19 virus. (*Id.* at 2). In brief, Wrice argues that her increased risk of experiencing serious complications if she contracts COVID-19 is an *extraordinary and compelling reason* warranting her release. (*Id.*).

Alternatively, Wrice argues that a non-retroactive change in law satisfies the criteria. (*Id.*). In 2008, Wrice committed two armed robberies in four months. (*See* Presentence Investigation Report at 4, 8, ECF No. 56). The first occurred at a pawn shop in Missouri; the second, at a bank

---

[1] *Available at* https://www.bop.gov/inmateloc/.

in Illinois. (*See id.*). The Government then prosecuted her in the Eastern District of Missouri and the Southern District of Illinois, each indictment containing counts under 18 U.S.C. § 924(c) for brandishing a firearm while committing a crime of violence. (*See id.* at 10–11). Wrice pleaded guilty to the charges in both indictments. (*See id.* at 11; Judgment at 1, ECF No. 64). At the time of her sentencing in 2011, "a second or subsequent conviction" under § 924(c) carried a 25-year mandatory minimum. Because Wrice pleaded guilty to violating § 924(c) in the Eastern District of Missouri, this Court considered her guilty plea in the Southern District of Illinois as a second conviction and imposed the 25-year mandatory minimum. (*See* Judgment at 2). But in 2018, Congress amended the language of § 924(c) to require that a prior 924(c) offense be "final" before a defendant *commits* a subsequent § 924(c) offense to trigger the 25-year mandatory minimum. *See* First Step Act § 403(a), PL 115-391, Dec. 21, 2018, 132 Stat. 5194. In other words, Wrice likely would not have received the 25-year mandatory minimum under the current law because the Missouri conviction was not final before she committed the Illinois robbery. That said, however, the amendment does not apply retroactively. *See id.* § 403(b). All the same, Wrice says that the apparent sentencing disparity is sufficiently *extraordinary and compelling* to justify a sentence modification.

District courts generally "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). That said, an exception exists for when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* § 3582(c)(1)(A)(i). The burden of proof rests on the defendant, and the Court has "broad discretion." *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

To begin, the Court acknowledges the particular danger posed by COVID-19 to prisoners, who live in close quarters and often cannot practice social distancing. "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Director of the Bureau of Prisons is in the best position to know which inmates are most vulnerable to infection and whether they still pose a public safety risk. And since March 2020, the Bureau has released over 25,000 inmates that it has identified as "suitable for home confinement," *Coronavirus*, Bureau of Prisons (last visited May 12, 2021),[2] "a 250% increase in home confinement placements since the beginning of the pandemic," Statement of Michael D. Carvajal, Director, Federal Bureau of Prisons Before the Committee on the Judiciary, United States Senate (Apr. 15, 2021).[3] Moreover, as of April 19, 2021, *all federal inmates are eligible for a vaccine. Id.* As a result, the Director expects that "by mid-May, . . . all inmates will have been provided the opportunity to be vaccinated." *Id.*

With that in mind, there are not extraordinary and compelling reasons warranting a sentence modification here. First, Wrice was offered the COVID-19 vaccine and rejected it. (*See* Gov't's Suppl., Ex. A, ECF No. 142). Yet she wants a sentence modification partly out of fear that her medical conditions make her more vulnerable to the virus. At any rate, the risk of infection is still greatly reduced thanks to the more than 80,000 inmates who have accepted invitations to receive the vaccine (40,000 of which have already received both doses). *Oversight of the Federal Bureau of Prisons: Hearing Before the Judiciary Comm.*, 117 Cong. (2021) (statement of Michael

---

[2] *Available at* https://www.bop.gov/coronavirus/.

[3] *Available at* https://www.judiciary.senate.gov/imo/media/doc/BOP%20Director%20-%20%20Written%20Statement%202021-04-15%20SJC%20Hearing%20.pdf.

Carvajal, Dir. of BOP).[4] And according to the Bureau, only four inmates at FMC Carswell currently have the virus. *Coronavirus*, BOP (last visited May 12, 2021).[5] In sum, the risk posed to Wrice by the pandemic is not currently extraordinary and compelling. If the situation changes, then she may move for compassionate release again after exhausting her administrative remedies.

Wrice's change-in-law argument is also unpersuasive. Congress stated explicitly that the amendment to § 924(c) only applies as of December 2018—and Wrice was sentenced in 2011. To be sure, the Court has broad discretion in sentencing matters, including when determining what is *extraordinary and compelling. See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). But the Court is inclined to show some deference to the legislature, which manifested its intent not to make this amendment apply retroactively. *See Dorsey v. United States*, 567 U.S. 260, 274–75 (2012). Indeed, Wrice is among many inmates across the country affected by this congressional prerogative. Put differently, the sentencing disparity is not extraordinary and compelling, even when considered alongside Wrice's good behavior.

For those reasons, the Court **DENIES** Defendant Holli Wrice's Motion for Compassionate Release.

**IT IS SO ORDERED.**

**Dated: Wednesday, May 12, 2021**

                                              **S/J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **UNITED STATES DISTRICT JUDGE**

---

[4] *Available at* https://www.judiciary.senate.gov/meetings/04/08/2021/oversight-of-the-federal-bureau-of-prisons.

[5] *Available at* https://www.bop.gov/coronavirus/.